UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| GARY L. KNOX, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-CV-127-KKC |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRANCISCO QUINTANA, *Warden*, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**** **** **** ****

Gary L. Knox is an inmate confined in the Federal Medical Center located in Lexington,

Kentucky. Proceeding without an attorney, Knox has filed a petition for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2241, challenging his federal conviction and sentence. [R. 1] Knox has

paid the $5.00 filing fee. [R. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243;

*Alexander v. Northern Bureau of Prisons*, 419 F.App'x 544, 545 (6th Cir. 2011). The Court

must deny the petition "if it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relied." Rule 4 of the Rules Governing § 2254 Cases in the United

States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates

Knox's petition under a more lenient standard because he is not represented by an attorney.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

At this stage, the Court accepts Knox's factual allegations as true, and construes his legal claims

in his favor. *Bell Atlantic Corp. v. Twombly* , 550 U.S. 544, 555-56 (2007). Having reviewed

the petition, the Court must deny it because Knox can not pursue his claims in a habeas corpus proceeding under § 2241.[1]  motion for a status report

## CONVICTION, APPEAL, AND PRIOR COLLATERAL CHALLENGE

On August 5, 2005, a federal grand jury in handed down a 42-page, factually detailed, eleven-count superseding indictment charging Knox with three counts of bank fraud, in violation of 18 U.S.C. § 1344, one count of wire fraud, in violation of 18 U.S.C. § 1343, six counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). *United States v. Knox*, No. 05-CR-20029 (C.D. Ill. 2005)  The superseding indictment alleged that Knox and others devised a scheme to defraud that began in 1999 and continued into 2005 and involved more than 150 fraudulent real estate transactions, totaling more than $8 million, with the defendants receiving at least $3 million in proceeds from the fraudulent scheme.

On April 19, 2006, Knox pleaded guilty to all eleven counts of the superseding indictment.  In April 2007, one year after he pleaded guilty but almost a year before he was sentenced, Knox filed motions to withdraw his guilty plea and to dismiss the indictment, both of which the district court denied.  [R. 80, therein; *see also United States v. Knox*, No. 05-CR-20029, 2007 WL 1591871 (C.D. Ill. May 31, 2007)]

On March 7, 2008, over Knox's objections, the district court applied several sentencing enhancements, including enhancements for using sophisticated means, having ten or more

---

[1]

On October 17, 2013, Knox filed a "Motion for Status." [R. 4]  As the Court will address the merits of Knox's claims herein, it will deny that motion as moot.

victims, gaining $1 million or more in gross receipts from a financial institution, and assuming an organizer role in a scheme involving five or more participants, and sentenced Knox to a 235-month prison term and 5-year term of supervised release on each count, to be served concurrently. [R. 92, therein] Knox appealed, challenging numerous aspects of his enhanced sentence, but the Seventh Circuit Court of Appeals affirmed, finding that the district court had properly applied various two and four-level enhancements to his sentence, and that Knox had waived his challenge to the 18-level increase to his base offense level for a loss greater than $2.5 million. *United States v. Knox*, 624 F.3d 865 (7th Cir. 2010).

On July 20, 2011, Knox filed a motion under 28 U.S.C. 2255 and numerous supplemental filings seeking relief from his sentence. *Knox v. United States*, No. 2:11-CV-02179-MPM-DGB (C. D. Ill., 2011) [R. 1-11, therein] Knox claimed that in numerous instances during his criminal proceeding, he had received ineffective assistance of counsel; that he was actually innocent of the conspiracy to commit money laundering charge; and that his counsel was ineffective for allowing him to plead guilty to that offense. Knox cited *United States v. Santos*, 553 U.S. 507 (2008), as authority for his argument that he is actually innocent of the money laundering conspiracy offense.

In *Santos*, the Supreme Court concluded that the term "proceeds" in as used in the money laundering statute (18 U.S.C. § 1956(a)(1)(A)(I)) was ambiguous, and that when applying the rule of lenity, the term "proceeds," as used in 18 U.S.C. § 1956, generally means "profits" and not "gross receipts." *Id*. at 514. However, Justice Stevens' concurring opinion in the plurality decision indicates that this may not always be so, and that each offense must be examined to

determine whether the defendant used the funds generated in the underlying predicate criminal activity in such a way as to run afoul of the separate prohibition against money laundering. *Santos*, 553 U.S. at 525-29 (Stevens, J., concurring).

Applying both *Santos* and more recent Seventh Circuit law, which holds that the money laundering statute prohibits both the concealment of net proceeds and the reinvestment of net proceeds to promote the illicit activity, the district court concluded that Knox failed to assert a legitimate argument based on *Santos*. *See Knox*, No. 2:11-CV-02179-MPM-DGB (C.D. Ill. Feb. 27, 2012) [R. 22, p. 21 therein (citing *United States v. Aslan*, 644 F.3d 536, 547 (7th Cir. 2011)] The district court explained its rejection of Knox's Santos claim as follows:

> In this case, Petitioner [Knox] admitted to this court that he and Ciota engaged in financial transactions and converted the "profits from the fraudulent sales to their personal use" and "to promote the ongoing fraudulent scheme." Therefore, there can be no question that there were profits (net proceeds) from the fraudulent scheme which Petitioner converted and used for personal expenses and used to promote the illicit activity. Petitioner's conviction is perfectly proper under *Santos*. [citation omitted]
>
> Petitioner has argued, at length, that this conclusion is wrong because the money used for down payments to promote the ongoing fraudulent scheme cannot be considered "profits." This court disagrees because this use of the net proceeds to promote the illicit activity did, in fact, violate the money laundering statute. *See Aslan*, 644 F.3d at 547. **This court concludes that Petitioner is not "actually innocent" of money laundering. Because this court has concluded that Petitioner was properly convicted of money laundering under *Santos*, Petitioner's argument that his trial counsel was ineffective for allowing him to plead guilty to the money laundering offense is without merit**.

[*Id*., pp. 21-22 (emphasis added)]

The district court further concluded that Knox had not been denied effective assistance of counsel in any respect. Knox appealed, but on August 27, 2012, the Seventh Circuit denied

Knox a certificate of appealability, finding "...no substantial showing of the denial of a constitutional right." [*Id.*, R. 35, therein; *Knox v. United States*, No. 12-1575 (7th Cir. Aug. 27, 2012)]. Knox thereafter filed a motion under Federal Rule of Civil Procedure 60(b) seeking relief from the order denying his §2255 motion, which the district court denied on November 20, 2012. [R. 37, therein] Knox did not appeal that ruling.

## CLAIMS ASSERTED IN § 2241 PETITION

Knox alleges that he is actually innocent of not only the underlying mail fraud, wire fraud, bank fraud, and conspiracy to commit money laundering offenses of which he was convicted, but also of the conduct which led to the 18-level enhancement of his sentence under § 2B1.1 of United States Sentencing Guidelines ("U.S.S.G.").

Knox alleges that pursuant to *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), he is actually innocent of the mail, wire, and bank fraud offenses of which he was convicted. In *Neder*, the Supreme Court clarified that the term "scheme or artifice to defraud," as used in the federal mail fraud (18 U.S.C. § 1341), wire fraud (§ 1343), and bank fraud (§ 1344) statutes, includes a materiality element. *Id.*, 527 U.S. at 21-25. Knox claims that the indictment under which he was charged did not specifically contain a "materiality" element as to these fraud charges, and that accordingly, the indictment was constitutionally defective and that he is actually innocent of these fraud offenses.

Knox next alleges that based on *Santos*, he is actually innocent of conspiracy to commit money laundering offense. Noting that *Santos* defines the meaning of the term proceeds as "net profits" or "net proceeds," not "gross proceeds," Knox argues that because the indictment did

not charge him with laundering "net profits or proceeds," and because he did not admit to such conduct, he has been convicted of an offense which was not properly charged in the indictment. Knox's other claim challenging his money laundering conviction is difficult to follow, but he appears to argue that government improperly charged him with conspiracy to commit money laundering when the specific conduct underlying that offense fell squarely under the auspices of the mail, wire, and bank fraud charges.

Finally, Knox alleges that the district court improperly enhanced his sentence by 18 levels under U.S.S.G § 2B1.1. Knox contends that the district court incorrectly relied on the calculations of loss to the fraud victims which the government prepared, and incorrectly concluded that the victims of his fraud schemes lost more than $2.5 million but less than $7 million, resulting in an 18-level sentence enhancement. Knox claims that because the fraud victims lost only $2,098, 304.00, his sentence should have been enhanced by only 16 levels, not 18. Knox alleges that when he was indicted in 2005, mortgage lenders did not qualify as "financial institutions." Knox's exact argument on this issue is unclear, but he may be claiming that district court improperly identified certain "mortgage lenders" as victims of his fraud schemes in order to enhance his sentence.

## DISCUSSION

As a general rule, a petitioner challenging the legality of his conviction or sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.

2001); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6ᵗʰ Cir. 1999). However, a federal prisoner

may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255,

if he is able to establish that his remedy under § 2255 is "inadequate or ineffective to test the

legality of his detention." *See* 28 U.S.C. § 2255(e); *United States v. Hayman*, 342 U.S. 205, 223

(1952); *Charles*, 180 F.3d at 755-56. The remedy provided under § 2255 is not rendered

inadequate and ineffective if the prisoner raised a claim in a § 2255 motion but was denied relief

on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission

to file a second or successive § 2255 motion. *Charles*, 180 F.3d at 756-58; *United States v.*

*Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002); *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th

Cir. 2002). As explained below, Knox has not established that as to any of his claims, his

remedy under§ 2255 remedy was inadequate and ineffective to challenge his federal detention.

First, Knox challenges the validity of his mail, wire, and bank fraud convictions under

*Neder*, which was decided in 1999. Knox filed his § 2255 motion in 2011, twelve years after

*Neder* was decided, but Knox did not challenge his fraud convictions under *Neder* when he filed

his § 2255 motion. He now raises a *Neder*-based challenge to his fraud convictions for the first

time in this § 2241 proceeding. However, the remedy provided under § 2255 is not rendered

inadequate and ineffective if the petitioner had an opportunity to assert a claim in his § 2255

motion, but failed to do so. *Charles*, 180 F.3d at 756-58. Because Knox had an opportunity to

challenge his three fraud convictions under *Neder* in his § 2255 motion, but failed to do so, his

remedy under § 2255 was not inadequate or ineffective on that issue.

7

Second, Knox challenges his money laundering conspiracy conviction under *Santos*, but

he previously and unsuccessfully asserted a *Santos*-based claim to that conviction in his § 2255

motion. As explained herein, the district court thoroughly addressed Knox's *Santos* claim and

rejected it, finding that *Santos* did not support Knox's argument. Thus, Knox does nothing more

in his § 2241 petition than recycle the same Fifth Amendment challenge to his money laundering

conspiracy conviction which the district court rejected as meritless on February 27, 2012, and

for which the Seventh Circuit Court of Appeals refused to issue a certificate of appealability.

The remedy under § 2255 is not inadequate where a petitioner asserted a legal argument

in a § 2255 motion but was denied relief on the claim. *Charles*, 180 F.3d at 756-58. Section

2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255.

*Id.,* at 758. The fact that Knox was unsuccessful in his effort to challenge his money laundering

conspiracy conviction under *Santos* in his § 2255 motion, and the fact that the appellate court

thereafter denied him relief on that issue, does not entitle him to relief under § 2241. *See Lucas*

*v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section

2241 is not an available to a petitioner who merely wishes to reargue claims considered and

rejected in a prior motion under Section 2255.")

To the extent that Knox also alleges that the government improperly charged him with

conspiracy to commit money laundering when conduct underlying that offense was already

charged in the mail, wire, and bank fraud charges, Knox could and should have brought that

specific claim before the district court during his criminal proceeding, on direct appeal, or at the

very latest, when he filed his § 2255 motion, but he did not do so. As noted, the remedy

provided under § 2255 is not rendered inadequate and ineffective if the prisoner failed to assert

a claim in his § 2255 motion. *Charles*, 180 F.3d at 756-58.

A prisoner can also obtain relief under § 2241 if he can demonstrate that he is actually

innocent of the offenses of which he was convicted. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th

Cir. 2012). Actual innocence is defined as "factual innocence, not mere legal insufficiency."

*Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S.

614, 623 (1998)). To establish actual innocence, a § 2241 petitioner must point to a case,

decided after his conviction became final, in which the Supreme Court has re-interpreted the

terms of the statute under which he was convicted, in such a way that his actions did not violate

the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that

an intervening change in the law establishes his actual innocence can invoke the savings clause

of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004);

*Peterman*, 249 F.3d at 461- 62; *Charles*, 180 F.3d at 757.

Knox contends that *Santo*s qualifies as a new rule of law which applies retroactively and

affords him relief from his money laundering conspiracy conviction. However, *Santos* had been

decided by the time Knox filed his § 2255 motion in 2011, and the district court rejected Knox's

*Santos* claim on the merits, and Knox can not re-argue his *Santos* claim in this proceeding. Thus,

Knox has not cited a new rule of law which the Supreme Court has made retroactively applicable

and which affords him relief from his conviction.

Finally, Knox continues to challenge the fact that the district court enhanced his sentence

in various ways under the federal sentencing guidelines. Knox contends that he is actually

9

innocent of the conduct which supported those enhancements, but for two reasons his argument

does not entitle him to relief under § 2241.  First, Knox is not actually innocent of the conduct

upon which the sentence enhancements were based.  The Seventh Circuit affirmed all aspects

of Knox's enhanced sentence on direct appeal, rejecting the very same arguments which Knox

now raises in his §2241 petition.  *See United States v. Knox*, 624 F.3d 865, 870-875.  A federal

court in a post-conviction proceeding can rely on the factual conclusions made by an appellate

court in the same case.  *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001); *Myers v. United

States*, 198 F.3d 615, 619 (6th Cir. 1999).

Second, an actual innocence claim can arise only where, after the prisoner's conviction

became final, the Supreme Court re-interprets the substantive terms of the criminal statute under

which he was convicted in a manner that establishes that his conduct did not violate the statute.

*Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has

only been applied to claims of actual innocence based upon Supreme Court decisions announcing

new rules of statutory construction unavailable for attack under section 2255."); *United States

v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002).  That did not occur in this case.  In this

circuit, the law is well established that a challenge to a sentence, as opposed to a conviction, is

not a claim of "actual innocence" which may be pursued under § 2241.  *Hayes*, 473 F. App'x at

502 ("Hayes does not assert that he is actually innocent of his federal offenses.  Rather, he claims

actual innocence of the career offender enhancement.  The savings clause of section 2255(e) does

not apply to sentencing claims.").

Simply put, the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, not their sentences. *Peterman*, 249 F.3d at 462; *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012) ("Claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241."); *Raymer v. Barron*, 82 F. App'x 431, 432 (6th Cir. 2003); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (stating that allegations of sentencing errors do not qualify as claims of actual innocence under the savings clause). Thus, Knox's various challenges to his enhanced *sentence* do not warrant relief under § 2241.

For these reasons, Knox is not entitled to relief from his conviction and sentence under § 2241. Knox's habeas petition will be denied, his motion for a status report will be denied as moot, and this action will be dismissed.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.    Gary L.Knox's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2.    Knox's "Motion for Status" [R. 4] is **DENIED** as **MOOT**.

3.    The Court will enter an appropriate judgment.

4.    This matter is **STRICKEN** from the active docket.

This October 23, 2013.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**